Pepsi-Cola Bottling Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Michael G. Kalafut, Respondents.

Pepsi-Cola Bottling Company and Home Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Michael G. Kalafut, Respondents.

Argued May 7, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote*, for appellant, Home Insurance Company.

*Roy F. Walters, Jr., Fried, Kane, Walters & Zuschlag,* for appellant, Lumbermens Mutual Casualty Co.

*Henry R. Beeson,* for appellee, Kalafut.

OPINION BY JUDGE ROGERS, June 11, 1980:

Lumbermen's Mutual Casualty Co. and Home Insurance Company, both sometime insurers of Pepsi-Cola Bottling Company, have each appealed from an order of the Workmen's Compensation Appeal Board awarding benefits to Michael G. Kalafut, some at the hands of Lumbermen's and others of Home Insurance. We have consolidated the appeals for argument and disposition.

On March 24, 1975, Kalafut sustained an injury to his back in the course of his employment with Pepsi-Cola Bottling Company. Lumbermen's was Pepsi-Cola's insurer at the time of this injury and paid benefits to Kalafut under an agreement until May 6, 1975, when Kalafut returned to work. Kalafut executed a final receipt on May 30, 1975. On May 5, 1976, Kalafut again injured his back during his employment with Pepsi-Cola. At this time, Home Insurance was the insurer. In August 1976, Kalafut filed a claim petition for workmen's compensation benefits for his injury of May 5, 1976 and a reinstatement petition for benefits for his injury of March 24, 1975. The reinstatement petition was later amended so as to be a petition to set aside the final receipt executed May 30, 1975.

Hearings were held before a referee, at which Kalafut's testimony was taken and medical reports were admitted. The referee entered an order on August 9, 1977, setting aside the final receipt based on a finding that Kalafut retained a "residual disability" from his March 24, 1975 injury. However, the referee

suspended benefits assessable against Lumbermen's for Kalafut's March 24, 1975 injury as of May 6, 1976. The referee also upheld Kalafut's claim for his injury of May 5, 1976 and awarded benefits for total disability payable by Home Insurance.

Home Insurance appealed the referee's order to the Appeal Board which questioned whether there was sufficient competent evidence in the record to support a finding that Kalafut sustained a new injury on May 5, 1976, and which concluded that the referee properly set aside the final receipt because there was evidence that Kalafut was not fully recovered from the March 24, 1975 injury. The Board noted, however, that there was evidence in the record that Kalafut might be able to perform lighter work than his previous position required. The Appeal Board remanded the record to the referee for further consideration, with both sides to have the opportunity to present evidence and take testimony.

Before the issuance of the Appeal Board's order just mentioned, Home Insurance had filed a petition to terminate Kalafut's workmen's compensation benefits. The referee to which the matter was remanded treated this petition concurrently with her consideration of the remanded record. A hearing was held at which Kalafut, called by Lumbermen's as on cross-examination, again testified concerning his two injuries. The only other evidence was offered by Home Insurance and consisted of the deposition of one Dr. Mitchell, who stated that as of January 17, 1978, Kalafut was no longer disabled whatsoever "as a result of the alleged accident of 5/5/75 [sic]." Kalafut offered no evidence to rebut the doctor's opinion.

On November 15, 1978, the referee issued a new order, somewhat modifying her original findings of facts and affirming her order of August 9, 1977. On January 20, 1979, the referee issued an order grant-

ing Home Insurance's petition to terminate Kalafut's workmen's compensation benefits, effective January 17, 1978.

Kalafut appealed the referee's order of January 20, 1979 granting Home Insurance's petition to terminate to the Appeal Board. Home Insurance appealed the referee's order of November 15, 1978 awarding benefits on account of the May 5, 1976 injury against it. The Board affirmed both orders, but it also ordered Lumbermen's to pay benefits to Kalafut beginning January 18, 1978 with interest and continuing into the indefinite future.

On appeal to this court, Lumbermen's challenges the propriety of that part of the Appeal Board's order directing Lumbermen's to pay benefits to Kalafut beginning January 18, 1978. Home Insurance in its appeal raises several issues concerning the correctness of the Board's affirmance of the referee's order of November 15, 1978.

Lumbermen's contends that the Board erred in directing it to pay benefits to Kalafut as of January 17, 1978 because there is no evidence in the record to support a finding or conclusion that Kalafut was disabled as of January 17, 1978 or that, if disabled, the disability was related to his injury of March 24, 1975. We agree, as also did counsel for Home Insurance at argument in this court. The referee found as fact that Kalafut sustained a "residual disability" as a result of his March 24, 1975 injury, the meaning of which escapes us. It seems to us that a claimant is either disabled or not disabled; that is, the claimant is either able to work or because of his injury unable to work. From the record, it appears that after his March 24, 1975 injury Kalafut returned to work on May 6, 1975 and continued to work until his second injury on May 5, 1976. Moreover, the referee's conclusion of law, affirmed by the Board, states that

Kalafut was entitled to benefits for ''total disability as a result of a work related injury on May 5, 1976.'' The referee subsequently terminated these benefits in her order of January 20, 1979. It could be inferred from this that Kalafut was no longer disabled as a result of his March 24, 1975 injury. There is nothing in the record shedding light on whether or not Kalafut continued to be disabled on and after January 17, 1978 as a result of the injury of March 24, 1975. Therefore, we must remand the record for further proceedings at which time these questions may be resolved.[1]

Home Insurance raises three arguments directed at the propriety of the Board's affirmance of the referee's findings that Home Insurance is liable for workmen's compensation benefits as a result of a new injury to Kalafut on May 5, 1976. First, Home Insurance contends that the Board initially erred in remanding the record to the referee for the taking of additional testimony on the occasion of Home Insurance's appeal from the referee's order of August 9, 1977. Home Insurance argues that since, as previously noted, the Board questioned whether or not there was sufficient competent evidence to support the referee's finding that Kalafut suffered a new injury on May 5, 1976, the only finding that could possibly have been made by the referee was that no such injury occurred and that Home Insurance was not liable for benefits. Therefore, Home Insurance reasons, the Board should have either taken additional

[1] The Board's action in directing Lumbermen's to pay benefits to Kalafut, inasmuch as it effected a reinstatement of Kalafut's suspended benefits, was also improper under the 1974 amendment to Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. Section 413, *as amended,* empowers the referee, rather than the Board, to order reinstatement of suspended benefits.

evidence itself and entered its own findings of facts and conclusions of law or remanded the record to the referee with directions for the referee to enter an order finding that no new injury occurred on May 5, 1976.

If it were true that the only possible decision which could have been reached by the referee was one absolving Home Insurance from liability, then we would agree with Home Insurance. However, as the Board noted, it was not clear whether or not there was sufficient evidence to support such a finding. We have previously held that under Section 419 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §852 the Board is empowered to remand the record to the referee for further taking of evidence when the referee's findings are not supported by competent evidence. *LoRubbio v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 529, 411 A.2d 866, 867 (1980). From our reading of the record we are inclined to agree with the Board that the evidence before the referee at the time she issued her August 9, 1977 order leaves doubts as to whether or not there is sufficient evidence to support her finding of a new injury occurring on May 5, 1976. Therefore, the Board's remand was proper.

Home Insurance next argues that the referee erred in allowing Lumbermen's at the remand hearing to call Kalafut as on cross-examination and to ask him leading questions. Lumbermen's was a party adverse to Kalafut and as such could in the referee's discretion call Kalafut as on cross-examination. *See Franey Will*, 436 Pa. 94, 257 A.2d 515 (1969). Thus, there was no error.

Home Insurance's final contention is that there is not substantial competent evidence to support the referee's finding in her order of November 15, 1978 that

Kalafut sustained a new injury on May 5, 1976. While it may have been unclear whether or not substantial evidence existed to support such a finding in the referee's first order of August 9, 1977, the evidence taken by the referee in the remand hearing is more than substantial to support this finding in her order of November 15, 1978. Kalafut testified at the remand hearing that while lifting heavy containers on May 5, 1976, he sustained an injury which resulted in pain in places where he had not experienced pain previously. This testimony alone is sufficient to establish that Kalafut sustained a new injury on May 5, 1976. *Sacks v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 259, 402 A.2d 293 (1979).

Accordingly, we enter the following

### Order

And Now, this 11th day of June, 1980, that part of the order of the Workmen's Compensation Appeal Board dated July 16, 1979 directing Lumbermen's Mutual Casualty Company to pay to Michael G. Kalafut workmen's compensation benefits at the rate of $114.00 per week and continuing into the indefinite future is reversed and the record is remanded to the Board for proceedings consistent with this opinion.

All other parts of the order of the Board dated July 16, 1979 are affirmed and judgment is hereby entered in favor of Michael G. Kalafut and against Pepsi-Cola Bottling Company and/or Lumbermen's Mutual Casualty Company and Home Insurance Company as follows:

(1) Michael G. Kalafut's Petition to Set Aside the Final Receipt is granted; however, benefits due Michael G. Kalafut from Lumbermen's Mutual Casualty Company at the rate of $114.00 per week are suspended as ordered by the referee in her order of November 15, 1978.

(2) Pepsi-Cola Bottling Company and/or Home Insurance Company are directed to pay workmen's compensation benefits to Michael G. Kalafut at the rate of $187.00 per week beginning May 9, 1976 and continuing until January 17, 1978. Interest at the rate of ten percent (10%) per annum shall be paid on all deferred benefits as provided by The Pennsylvania Workmen's Compensation Act, Act of June 12, 1915, P.L. 736, §101 et seq., *as amended*, 77 P.S. §101 et seq. Medical expenses and attorney fees incurred by Michael G. Kalafut shall be paid in accordance with the referee's order dated November 15, 1978.