Topps Chewing Gum, Inc. and Liberty Mutual Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Theresa Zurek and American Motorist Insurance Company, Respondents.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*William C. McGovern,* with him *Joseph R. Thompson,* for petitioners.

*Joseph P. Lenahan,* with him *Robert J. Nolan,* for respondent, American Motorists Insurance Company.

Opinion by Judge MacPhail, February 2, 1981:

Topps Chewing Gum, Inc. (Employer) and Liberty Mutual Insurance Company (Liberty Mutual) have filed this appeal from the decision and order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee granting benefits to Theresa Zurek (Claimant) for recurrence of a compensable injury suffered by her in February of 1975.

Claimant filed a claim petition on March 6, 1978 seeking compensation for an injury to her back that allegedly occurred on January 10, 1978 during the course of her employment. The record shows that Claimant had injured her back in February of 1975. Between the time of that injury and the incident on January 10, 1978, the Employer changed insurance carriers. The Employer's present carrier, American Motorists Insurance Company (American), denies liability for Claimant's present disability because, it contends, this disability is not the result of a new injury on January 10, 1978, but is the result of the accident of February 1975 for which Liberty Mutual remains liable.

Referee Piccone found that Claimant's injury on January 10, 1978 was a reinjury or recurrence of the injury of February 1975. Liberty Mutual was ordered to pay benefits.

Both Claimant and Liberty Mutual filed appeals to the Board from the referee's findings contending that the finding of reinjury was not supported by substantial competent evidence. Claimant also sought a rehearing before the referee for presentation of further medical testimony which had not been available at the time of the referee's hearing. The Board denied the requested remand and affirmed the referee's decision. Claimant has not appealed from the Board's decision.

Three issues are presented for our review: 1) whether the finding that Claimant's disability is causally connected to the injury of 1975 is supported by substantial evidence; 2) whether the Board erred in denying the requested remand; and 3) whether the rate of compensation set by the referee is in error.

Claimant injured her back on February 12, 1975 when she slipped and fell in the Employer's parking lot. She was treated by Dr. Scott Martin and, in or about July of 1976, underwent surgery to relieve pressure on a nerve in her back. She returned to work in September of 1976. She was paid compensation benefits by Liberty Mutual pursuant to a compensation agreement and signed a suspension agreement upon her return to work in September of 1976.

On January 10, 1978, Claimant attempted, during the course of her employment, to lift a box weighing approximately 35-40 lbs. She experienced sharp pain and extreme stiffness in her back. The pain subsided and Claimant continued to work for a number of weeks, but in a lighter job. The pain returned, however, and eventually Claimant again sought treatment from Dr. Martin.

Claimant testified at the hearing before Referee Piccone and the testimony of Dr. Martin and Dr. Joseph Sgarlat, both of whom had examined the Claimant following both incidents, was taken by deposition.

Claimant described the symptoms resulting from the 1975 incident as follows: "I start sweating, my legs start shaking; I got a pain in my leg; I got a pain in my back." Claimant described the symptoms resulting from the 1978 incident as follows: "Then I start shaking; I start sweating. I got a pain down my leg; I got a sharp pain in my back, and I start crying." Claimant's testimony itself clearly suggests a recurrence of the 1975 injury.

Dr. Martin, Claimant's treating physician, could not state to a reasonable degree of medical certainty that the disability following the 1978 injury was a recurrence of the 1975 injury. He stated there was a possibility that the 1978 incident could have caused Claimant's symptoms even if she had not been injured in 1975. He would not, therefore, give any characterization of the 1978 injury as reinjury or new injury. He did testify, however, that the pain described by the Claimant in 1978 was the same or similar to the pain described in 1975.

Dr. Sgarlat, who examined Claimant both in 1975 and 1978, did venture an opinion to a reasonable degree of medical certainty that Claimant's disability in 1978 was causally connected to the injury of 1975 and was, in fact, a recurrence of that injury.

On direct examination, Dr. Sgarlat assumed that Claimant had undergone disc surgery in 1976. His opinion was based to some extent on this assumption, which the record shows to be erroneous. On re-direct examination, however, counsel asked the doctor if his opinion would change based on the fact that Claimant had undergone surgery to relieve tension on a nerve in her back and not to repair a herniated disc. The doctor replied, "No, I think that fits in very well ... And this condition is also subject to the same reoccurrence as the other." Dr. Sgarlat did not equivocate on his characterization of Claimant's disability as a reinjury despite extensive cross-examination.

In sum, we find substantial competent evidence to support the referee's finding that the injury of January 10, 1978 was a recurrence or reinjury causally related to the injury of February 12, 1975 in Dr. Sgarlet's testimony and will affirm that finding. *Workmen's Compensation Appeal Board v. Auto Express, Inc.* 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

Further, since the referee's finding was based on competent evidence the Board did not have the power

to remand this matter for taking of further testimony. *Forbes Pavilion Nursing Home v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1974). We conclude, therefore, that the Board's denial of rehearing was proper.[1]

Finally, Liberty Mutual contends that the referee erred in basing the rate of compensation on Claimant's average weekly wage in January of 1978. Respondent American agrees. Since Claimant's disability is a recurrence of her 1975 injury, Claimant's average weekly wage should be computed as of the date of that injury. The referee found that the disability caused by the February 12, 1975 injury had recurred. In effect, therefore, he denied Claimant's petition for compensation for a new injury on January 10, 1978 and reinstated the agreement for compensation in effect between the Employer and the Claimant at the rate of $109.00 per week.[2]

While it is true that the referee has the power to modify the rate of compensation pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act,[3] exercise of such power herein is not warranted because no finding of any increase in the extent of

---

[1] The Petitioners characterize the further medical evidence they seek to introduce at a remand hearing as "after-discovered evidence." The Petitioners do not argue that this Court should exercise its power to remand this matter, but contend that we should direct the Board to do so. Because we find no abuse of discretion in the Board's refusal to direct a further hearing, we must deny the relief requested.

[2] The record does not disclose any petition or motion by the Claimant for reinstatement of the compensation agreement. Neither the Employer nor Liberty Mutual has objected to the procedural posture of this matter, however, and we must conclude that any possible objection to the validity of reinstatement of the agreement to have been waived.

[3] (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

Claimant's disability was made. *See, Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 530, 377 A.2d 833 (1977).

We will, therefore, order compensation at the rate set in the agreement, $109.00 per week. Section 413 of the Act, 77 P.S. §772.

## ORDER

AND Now, this 2nd day of February, 1981, the decision of the Workmen's Compensation Appeal Board affirming the decision of the referee is hereby affirmed with the modification that benefits are to be paid at the rate of $109 per week. It is hereby ordered that judgment be entered in favor of Theresa Zurek and against Topps Chewing Gum, Inc. and Liberty Mutual Insurance Company as follows: compensation shall be paid for total disability at the rate of $109 per week, commencing January 11, 1978 and continuing through and including April 27, 1978. Thereafter, payment for total disability at the rate above mentioned shall be made for the periods of June 1, 1978 through June 7, 1978 and through the periods of June 20, 1978 through June 29, 1978 and July 10, 1978 through July 19, 1978. Thereafter, commencing August 29, 1978, compensation for total disability shall be paid at the rate of $109 per week within the terms and limitations of The Pennsylvania Workmen's Compensation Act.

Deferred payments of compensation shall bear interest at the rate of 10%.

The following reasonable medical expenses are allowed:

| | | |
|---|---|---|
| A. | Community Medical Center | $1,670.32 |
| B. | Northeastern Neurological Associates, Inc. Medical Care | 95.00 |
| C. | Geisinger Medical Center | 341.00 |
| D. | Drugs | 53.30 |

The Employer or its carrier shall reimburse Claimant for these medical expenses.

The Employer or its carrier shall deduct the sum of $950.00 from the compensation payable to Claimant and pay said sum to Massachusetts Mutual Insurance Company, c/o Lenahan, Dempsey, Murphy & Piazza, Esq.

The Employer or its carrier shall pay from the compensation awarded, the sum of 20% of all compensation payable as attorneys fees to Robert J. Nolan, Esquire, Claimant's counsel of record.