Karen Genovese, Petitioner *v.* Workmen's Compensation Appeal Board (National Record Mart, Inc.), Respondents.

Argued May 6, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and DOYLE, sitting as a panel of three.

*D. Lynn Russell,* with him *Edward Jaffee Abes,* for petitioner.

*Leonard P. Kane, Jr.,* with him *Noble R. Zuschlag, Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY JUDGE DOYLE, September 24, 1982:

Karen Genovese (Claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of her petition to set aside a final receipt. We affirm.

On December 23, 1976, Claimant injured her back during the course of her employment at the National Record Mart, Inc. (National) while lifting a carton of records, and subsequently began to receive total disability benefits from National pursuant to a Notice of Compensation Payable she executed on March 31, 1977. Claimant continued receiving these benefits until March 30, 1979, when she executed a final receipt. On June 21, 1979, however, she filed a petition to set aside this final receipt alleging therein that her disability had not ceased and that she had not understood the implications of her decision to sign the document. Hearings on this petition were held on August 16, 1979, and October 17, 1979. At these hearings Claimant took the position that she was disabled by lower back pain caused by her work related accident, and presented medical evidence to this effect in the form of the testimony of a Dr. Lee McCormick.

Claimant's employer, in turn, presented the testimony of a Dr. Joseph Novak, who testified that he could find no objective manifestations of back pain in the Claimant, and that he did not believe that Claimant was disabled by any back pain she might be experiencing. After evaluating this evidence, the referee found, in a decision dated November 23, 1979, that Claimant's disability had ceased at the time she executed the final receipt, and accordingly refused to reinstate benefits. In his decision, which contained thirty-six (36) findings of fact, the referee also stated that Dr. Novak had mentioned in his testimony that he had had the impression that Claimant was depressed and slightly angry when he examined her. Claimant subsequently appealed this decision to the Board which, after reviewing the record, affirmed. The present appeal followed.

Here, Claimant advances the novel argument that the Board erred as matter of law by not remanding this case, pursuant to her verbal request at oral arguments before the Board, to the referee for a hearing on the question of whether or not she was disabled by certain unspecified emotional difficulties stemming from her accident at National. We find no merit in this argument.

It is well settled that the Board does not have the power to remand cases to a referee simply to permit the presentation of additional medical evidence which was available at the time of the initial hearing or hearings. *Topps Chewing Gum, Inc. v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 425, 425 A.2d 57 (1981); *Kistler v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 334, 421 A.2d 500 (1980). Instead, "the Board's power to remand cases to the referee ... [is] limited to two instances: (1) where the findings of the referee are not supported by competent evidence or (2) where the

referee has failed to make a finding on a crucial issue, necessary for the proper application of the law." *LoRubbio v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 529, 532, 411 A.2d 866, 867 (1980).

Here, Claimant apparently takes the position that the referee should have made a finding on the "crucial issue" of whether or not she was emotionally disabled in light of Dr. Novak's comment that he had the impression she was depressed and slightly angry. Suffice it to say, however, that at no point in the proceedings before the referee did Claimant assert that she was disabled by emotional difficulties. Nor can Dr. Novak's testimony in any way be construed as even suggesting that Claimant was emotionally disabled. Instead, the only issue which was before the referee was the question of whether Claimant's disability had terminated at the time she executed the final receipt. Since the referee properly addressed all of questions pertinent to this legal issue, we do not believe that the Board had any duty to remand in this case.

### Order

Now, September 24, 1982, the order of the Workmen's Compensation Appeal Board dated July 31, 1980, and docketed at No. A-78322, is affirmed.