548 A.2d 368

Charles W. Crankshaw, Petitioner *v.* Workmen's Compensation Appeal Board (County of Allegheny), Respondents.

*Henry Lewis Miller*, with him, *Kenneth W. Lee, Plowman and Spiegel*, for petitioner.

*Charles P. Falk, Baskin, Flaherty, Elliott & Mannino, P.C.,* for respondents.

OPINION BY JUDGE COLINS, September 29, 1988:

Charles W. Crankshaw (petitioner) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the petition filed by his employer, the County of Allegheny (employer), and suspending his workmen's compensation.[1]

Petitioner was employed by the County as a Construction Materials Inspector when, on October 6, 1983, he fell some five feet onto a concrete surface and injured his back. Unable to perform his duties of inspecting all County road construction projects, petitioner received compensation pursuant to an agreement while undergoing treatment by Dr. George McCollum, a family practitioner, and participating in the Harmarville Chronic Pain Program under the care of Dr. William Seltzer. Petitioner twice attempted to return to work following his injury, in May and June, 1985, but found that his chronic pain prevented him from doing so.

On September 11, 1985, the County filed a petition to terminate compensation, alleging that petitioner had fully recovered from his work-related injury and had returned to the same or similar work at comparable wages as of June 17, 1985. The petitioner filed a timely answer denying that he had fully recovered and countered by filing a claim petition on December 2, 1985, in which he attributed not only a vertebral compression fracture to his injury but also chronic pain syndrome and severe depression.

---

[1] The Board's order modified the referee's decision insofar as it corrected a patent typographical error pertaining to the date of the suspension of compensation. The referee suspended compensation as of October 6, 1983; the Board altered that date to June 17, 1985.

The petitions were consolidated for a hearing before the referee. On the basis of the testimony of the employer's expert, Dr. Seltzer, specifically found credible, the referee determined that petitioner was able to perform the work required of a Construction Inspector as of June 17, 1985.[2] Then noting that there was no evidence that petitioner had fully recovered from his work injury but that the employer had established that petitioner was able to return to work without a loss of earnings, the referee suspended compensation. Further, she rejected petitioner's allegations of a work-related depression and dismissed the claim petition.

During the pendency of his subsequent appeal to the Board, petitioner filed a request to reopen the record in order that he might present additional medical evidence consisting of a newly-obtained diagnosis purportedly pinpointing the source of his chronic pain. He argued that he had only recently consulted this new physician, Dr. Mantica, such that his testimony and the results of newly-performed neurological tests were unavailable at the referee's hearing. The Board affirmed the referee's decision and, by separate order, denied the request to reopen the record. This appeal followed.

Upon appeal, petitioner contends that the Board abused its discretion in failing to grant his request to reopen the record based on after-discovered medical evidence. He also asserts that the testimony of Dr. Seltzer could not support the referee's decision because it was purportedly based on erroneous assumptions as to petitioner's work responsibilities and, hence, his capabilities.

Turning to petitioner's initial contention, we note that our Supreme Court has recently reaffirmed the broad discretion to be afforded the Board's decision re-

---

[2] *See* footnote 1.

garding the grant or denial of a rehearing. *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). Emphasizing that the rules of procedure are relaxed in workmen's compensation cases, the Supreme Court held inapplicable to such proceedings the standards employed by courts in determining whether to grant a new trial on the basis of after-discovered evidence.[3] Rather, the Board has broad powers to grant a rehearing " 'when justice requires.' " *Id.* at 557, 539 A.2d at 794. Of course, this Court may not disturb such a decision absent a clear abuse of discretion. *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking)*, 116 Pa. Commonwealth Ct. 172, 541 A.2d 60 (1988).

In the instant case, petitioner desired a rehearing so that he could present the testimony of Dr. Mantica, a physician he had first consulted in the early summer of 1986, some five months after the hearing before the referee. According to petitioner, Dr. Mantica would testify that the source of petitioner's chronic pain was a contusion of the sciatic nerve, stemming from his work-related injury, and that his pain renders him unable to continue working. He suggests that the Board's denial of a rehearing precludes his presentation of a full and complete medical history.

In *Cudo*, our Supreme Court held that justice required a rehearing where the Board had determined that the medical testimony presented at the first hearing was equivocal and further hearings would permit the development of a complete record upon which to assess the merits of the underlying claim. In *Monaci*, we ap-

---

[3] *See e.g., Der Hagopian v. Eskandarian*, 396 Pa. 401, 153 A.2d 897 (1959), *cert. denied*, 361 U.S. 938 (1960) (to justify a new trial, after-discovered evidence must have been discovered after the trial, must be such that it could not have been obtained at trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be likely to compel a different result).

plied *Cudo* to uphold the Board's denial of a rehearing where the request for same was based upon the results of a CAT scan performed some three and a half years after the date of the purported termination of the claimant's disability. We found evidence of a disc herniation revealed therein in July, 1984, irrelevant to the issue of the termination of the claimant's work-related disability in October, 1981.

Neither *Cudo* nor *Monaci* is factually aligned with the instant matter, but we are convinced that justice did not here require a rehearing. Dr. Mantica's proposed testimony merely reiterates the conclusions of Dr. McCollum to the effect that petitioner's chronic pain is attributable to his work-related injury and renders him unable to perform his pre-injury job, albeit supplying the diagnosis of a nerve contusion. Under such circumstances, we cannot find that the Board abused its discretion in denying a rehearing.

In this proceeding, the employer had the burden of proving that the claimant's disability has terminated, or in the alternative, if the claimant's recovery was less than complete, that he was able to return to his regular job without a loss of earning power. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985). The referee specifically found that the employer had met this *latter* burden and our thorough review of the record reveals substantial evidence[4] in support of her determination. Dr. Seltzer clearly stated his opinion that petitioner was capable of resuming his former job. Moreover, we find no merit to petitioner's assertion that

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact are unsupported by substantial evidence. *Smith*.

Dr. Seltzer misperceived the nature of his duties. Dr. Seltzer testified that he evaluated petitioner's physical capabilities by reference to petitioner's own statements of his responsibilities, as noted in his medical records. He also reviewed petitioner's testimony before the referee as to his responsibilities in all jobs required of him and opined that petitioner was capable of performing those jobs.

It is indeed true that both claimant and his physician, Dr. McCollum, testified as to his inability to perform his pre-injury job. Nevertheless, the resolution of conflicting testimony and the evaluation of the credibility of witnesses are matters within the province of the referee. *McCarter v. Workmen's Compensation Appeal Board (Boeing Vertol Co.)*, 94 Pa. Commonwealth Ct. 261, 503 A.2d 990 (1986). The referee here chose to resolve these matters in favor of the employer and we cannot disturb that judgment.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, this 29th day of September, 1988, the order of the Board in the above-captioned matter is affirmed.