588 A.2d 73

**GATEWAY COAL COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LABODA), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1991.

Decided March 5, 1991.

Reargument Denied April 17, 1991.

Petition for Allowance of Appeal Denied Sept. 10, 1991.

Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey, Carnegie, for petitioner.

Amiel B. Caramanna, Jr., with him, Alexander J. Pentecost, Pittsburgh, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Gateway Coal Company (employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee to grant benefits to Frank Laboda (claimant).

Claimant filed an occupational disease claim against his former employer alleging he was disabled as a result of coalworkers pneumoconiosis as of November 25, 1985. Hearings were held before the referee who found that claimant had pneumoconiosis, but was neither partially nor

totally disabled. Litigation costs were awarded to claimant's counsel, but no weekly compensation benefits were ordered to be paid to claimant until claimant's condition changed to one of partial or total disability.

Employer appealed alleging that two findings of fact were not supported by evidence and that the award of costs was improper because claimant did not sustain his burden of proving disability. The Board reviewed the referee's findings, and on ascertaining that they were inconsistent, reversed and remanded to the referee. The Board's order stated that "[i]t is not our intent that further hearings be held." As part of the Board's opinion, the referee was directed to determine whether claimant was suffering from an occupational disease and could not return to his regular work, or was not suffering from an occupational disease and could return to his work.

On remand, the referee reexamined all testimony and, in light of the Board's opinion and order, issued new findings of fact and conclusions of law. The following is the pertinent finding of fact as formulated by the referee:

Based upon the credible, competent, and sufficient evidence of record in this case offered by Dr. J.D. Silverman, it is found as a matter of fact that on November 24, 1985, the claimant became partially disabled as a result of coal worker's pneumoconiosis, which resulted from his total and cumulative exposure to coal dust while employed in the coal mining industry. Said partial disability prevents the claimant from engaging in his normal coal mine employment or any similar-type work. Dr. Silverman read the chest x-rays of the claimant to reveal small rounded densities type p with the profusion of 1/0 in all six zones and that the claimant was disabled for his job. Before making this finding, the deposition testimony of Dr. C.L. Anderson and C. Vaughn Strimlan were carefully considered, but is found that the medical testimony offered by Dr. Silverman is more credible and is adopted, by the fact finder.

Finding of Fact No. 7 of the Referee's recommended decision of March 22, 1989.

■ On appeal, the Board affirmed the referee's decision granting benefits, and this appeal followed.[1]

Employer argues that the Board was in error when it reversed and remanded the referee's original decision for the purpose of choosing between the credibility of claimant's doctor and awarding benefits, and the credibility of defendant's two doctors and denying benefits. Employer also argued that even addressing the credibility issue is an error because defendant's appeal only concerned the award of costs of litigation.

■ The Board has broad discretionary power to order a remand in the interest of justice. *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). The Board found that the referee's findings of fact were inconsistent and that there was a misunderstanding as to the meaning of disability under The Pennsylvania Workmen's Compensation Act.[2] Furthermore, the referee had attempted to combine three inconsistent medical opinions, two from employer's doctors and one from claimant's doctor. The Board should not be forced to review an imperfect decision of a referee that can easily be rectified. *Pasquarelli v. Workmen's Compensation Appeal Board (Western Electric)*, 130 Pa.Commonwealth Ct. 228, 567 A.2d 792 (1989).

■ Employer also argues that without additional testimony the referee could not change his original decision from denying benefits to awarding partial disability benefits. After the Board pointed out the inconsistency, however, the referee reviewed the record and determined that claimant's doctor was more credible. The referee, as the judge of credibility, may accept or reject, in whole or in

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the referee's findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

part, any testimony of any witness, including medical witnesses. *Mrs. Smith's Frozen Food Company v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988). If the referee's findings are based upon evidence which a reasonable mind might accept as adequate to support the conclusion reached, this Court is precluded from disturbing those findings even though there was evidence to the contrary. *Crown, Cork & Seal Corp. v. Workmen's Compensation Appeal Board (Savini),* 117 Pa.Commonwealth Ct. 242, 543 A.2d 603 (1988). The referee explicitly accepted claimant's medical testimony, which this Court concludes is supported by substantial evidence.

■ Employer's argument that the Board erred when it *sua sponte* raised the issue of disability is without merit. A review of the record, specifically the appeal from the referee's findings of fact, belies this argument. In the appeal document, in addition to raising the issue concerning the award of costs, employer alleged that two findings of fact were not supported by the evidence. Even if employer had not raised this substantial evidence issue, the Board was correct in its order to remand, because the findings of fact were inconsistent.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 5th day of March, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.