629 A.2d 254

**Bernard TRUDNAK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LUCKY STRIKE COAL CORP. and Lackawanna Casualty Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 28, 1993.

Decided July 19, 1993.

Reargument Denied Sept. 9, 1993.

214

Robert J. Gillespie, Sr., for petitioner.

James R. Pocius, for respondents.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Bernard J. Trudnak (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed the referee's decision denying benefits. We affirm.

Claimant filed an occupational disease claim against Lucky Strike Coal Corporation (Employer) alleging he was disabled as a result of anthracosilicosis as of January 3, 1989. Hearings were held before the referee who found that Claimant suffered from anthracosilicosis and was totally disabled. Employer appealed to the Board alleging that the referee's decision was unsupported by the record and that essential findings of fact were not included in the decision. Because the referee failed to indicate upon what medical evidence he relied, the Board remanded with direction that a new "decision containing more specific findings of fact and conclusions of law [was] necessary to provide for a proper and, if necessary, reviewable disposition" of the case. (152a).

A new referee, without taking further testimony, issued a new decision, denying benefits to Claimant. The second referee's decision contained summaries of all the medical evidence of record and addressed credibility. Claimant then appealed to the Board, which affirmed the second referee's denial of benefits.

On appeal,[1] Claimant raises three issues: 1) whether the Board erred in initially remanding the case because the critical facts were supported by substantial evidence; 2) whether the second referee exceeded the scope of the Board's remand order when he made credibility determinations different from those made by the first referee; and 3) whether the referee violated Claimant's due process rights by making credibility determinations without the benefit of viewing Claimant as he testified.

The Board has broad discretionary power to order a remand in the interest of justice. *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988). Section 418 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 833, requires a referee to whom a petition is assigned for hearing to make findings of fact, conclusions of law, and award or disallow compensation. *Universal Trucking, Inc. v. Workmen's Compensation Appeal Board (Hassell),* 112 Pa.Commonwealth Ct. 428, 535 A.2d 722 (1988). The referee's fact-finding function requires that the referee make findings of fact on all essential issues so that the Board has an opportunity to exercise meaningful review. *Id.* A synopsis or summation of evidence is not fact-finding. *Id.* When factual issues need to be resolved, a remand is appropriate. *A & P Tea Co. v. Workmen's Compensation Appeal Board (Giglio),* 114 Pa.Commonwealth Ct. 507, 539 A.2d 51 (1988). Moreover, the Board should not be forced to review an imperfect decision that can easily be rectified. *Pasquarelli v. Workmen's Compensation*

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the referee's findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

*Appeal Board (Western Electric),* 130 Pa.Commonwealth Ct. 228, 567 A.2d 792 (1989).

■ The Board here found that the first referee's findings of fact were not specific enough to meet the standards of appellate review. In fact, the referee did not even summarize the evidence. He failed to discuss any of the medical testimony and made no credibility determinations. Aside from possible inferences from the result, the Board was unable to determine what evidence the referee accepted and what evidence he rejected in reaching the conclusion that Claimant was eligible for benefits. We conclude that because the referee failed to make findings on crucial issues, a remand was warranted.

Claimant next argues that on remand the second referee exceeded the scope of the Board's remand. Specifically, Claimant contends that the Board's order did not allow the second referee to make credibility determinations that differed from those made by the first referee.

■ The Board's order required that a referee issue a new decision that incorporated findings concerning the medical testimony as it related to causation. The Board also directed the referee to make findings concerning all the elements of the Claimant's burden of proof. This directive certainly encompasses credibility determinations.

In *Arena v. Packaging Systems Corp.,* 510 Pa. 34, 507 A.2d 18 (1986), the court indicated that an appellate court or the Board must defer to a substitute referee and accept his findings where the record reflects substantial evidence to sustain the findings. In *McAfee v. Workmen's Compensation Appeal Board (Allegheny General Hospital),* 134 Pa.Commonwealth Ct. 562, 579 A.2d 1363 (1990), the court, citing the *Arena* case, permitted a referee who did not actually take the evidence in a workers' compensation case to render a decision on the claim. Both *McAfee* and *Arena* govern our decision here. Furthermore, because we conclude that the findings are based on substantial evidence, the Board correctly affirmed the second referee's decision.

■ Employer refutes Claimant's third argument, concerning a lack of due process, stating that this third issue has been waived because it was not raised in the appeal to the Board. Our review of Claimant's appeal from the second referee shows that Employer is correct. Merely filing an appeal does not preserve issues which were not specifically raised. *Fiorentino v. Workmen's Compensation Appeal Board (Concrete Industries, Inc.)*, 131 Pa.Commonwealth Ct. 658, 571 A.2d 554 (1990). We, therefore, will not address Claimant's third allegation of error.

Accordingly, we affirm.

## *ORDER*

AND NOW, this 19th day of July, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.