567 A.2d 792

**Frank PASQUARELLI, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WESTERN ELECTRIC), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Dec. 21, 1989.

230

Amiel B. Caramanna, with him, Mitchell H. Dugan and Alexander J. Pentecost, Pittsburgh, for petitioner.

Richard R. Riese, with him, Richard V. Sica, Thorp, Reed & Armstrong, Pittsburgh, for respondents.

Before CRAIG, BARRY and SMITH, JJ.

SMITH, Judge.

Frank Pasquarelli (Claimant) seeks review of the decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing Claimant's claim petition under The Pennsylvania Workmen's Compensation Act.[1] The Board's decision is affirmed.

Claimant, a telephone repairman, filed a claim petition against Western Electric (Employer) on July 11, 1983 alleging that he developed acute reactive depression as a result of harrassment from his supervisor which rendered Claimant disabled as of July 6, 1982, a fact made known to him by his treating psychologist on May 23, 1983. Hearings were held before Referee Fahey who found that Claimant became totally disabled as a result of an acute reactive depressive disorder related to and caused by the treatment Claimant was accorded at work by his supervisor Mr. Kane. Referee Decision of October 23, 1984, Findings of Fact No. 7.

Six days after Referee Fahey rendered his decision awarding benefits, Claimant pled guilty to charges of pool selling and bookmaking and criminal conspiracy. Employer filed an appeal with the Board alleging that the findings of fact were not supported by the evidence because Claimant

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

withheld important information bearing upon his medical condition and his employment. Employer also filed a petition for a hearing de novo and/or remand in conjunction with this appeal. The Board rendered its decision on November 8, 1985 remanding the case and specifically ordered as follows:

Defendant's petition for remand is granted. This case is Remanded to the Referee for the purpose of taking additional testimony as required relating to the after-discovered evidence, and for any other matters the Referee deems appropriate, and for the purpose of making Findings of Fact and Conclusions of Law after consideration of the additional testimony. Defendant's pending Appeal is dismissed as moot at this time.

■ On remand, Referee Wilson held hearings and issued a final decision finding that Employer's physician, Dr. Dealy, was more credible than Claimant's physicians and that there were many stressful events in Claimant's life that could cause his depression. Referee Decision of March 9, 1988, Findings of Fact No. 4. Referee Wilson further found that Claimant's depressive disorder was not related to his work and concluded that Claimant did not suffer a compensable injury and thus dismissed the claim petition. *Id.*, Findings of Fact No. 5; Conclusion of Law No. 1. On appeal to the Board, Claimant argued that the remand was improper since the original decision was supported by substantial evidence. The Board affirmed Referee Wilson's decision resulting in Claimant's appeal to this Court.[2]

The issues before this Court are whether the remand order of the Board was proper; whether Referee Wilson's decision was in conformity with the remand order; and whether there was substantial evidence to support Referee Wilson's denial of benefits.

2. This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Claimant initially argues that the Board committed an abuse of discretion when it improperly granted Employer's petition for remand based upon the after-discovered evidence which Employer contended would materially affect the referee's decision. Claimant argues that evidence of his gambling activities was known to Employer five months prior to Referee Fahey's decision and is not newly-discovered evidence. Moreover, the evidence would have been discoverable upon the exercise of due diligence at the time of the initial hearing by simply asking Claimant additional questions and re-deposing medical practitioners who testified in the case.

Employer counters Claimant's argument contending that the remand was a proper exercise of the Board's authority under Section 419 of the Act and was required under Section 425 of the Act in view of the fraudulent conduct of the Claimant in withholding or misrepresenting personal history relevant to diagnosing the cause of this mental health disability. Moreover, Employer argues, it was not Employer's lack of due diligence that prevented Employer from discovering this evidence, rather it was Claimant's affirmative efforts to conceal his gambling activities that prevented Referee Fahey, the Employer and the examining physicians from considering this factor. Employer asserts that Claimant cannot seriously argue he would have incriminated himself by truthfully answering questions about the extent of his gambling activities or the impact of these activities on his psychological condition or earnings prior to his entry of the guilty plea.

■ It is clear that the purpose of granting rehearing in workmen's compensation cases is to allow a party to present newly-discovered, noncumulative evidence, and will not be granted to permit the party to strengthen weak proofs already presented. *Helverson v. Workmen's Compensation Appeal Board (Central Foundry Co.)*, 76 Pa. Commonwealth Ct. 286, 463 A.2d 1243 (1983).

■ In its remand decision, the Board indicated that the record was perhaps closed prematurely and specifically

refers to Referee Fahey's statement, concerning Claimant's gambling activities and pending charges, that "[w]e'll wait until the D.A.'s office comes to fruition." May 7, 1984 Hearing, N.T., p. 21. This Court agrees that the record was prematurely closed and that a remand was plainly warranted. The referee and Employer's physician were provided with incomplete information by Claimant and thus deprived of an opportunity to render judgments with full knowledge of all potential sources of Claimant's depression. Moreover, the Board noted that the guilty plea raised the additional question of whether Claimant had been receiving remuneration during the alleged total disability period. As the Supreme Court stated in *Joseph v. Workmen's Compensation Appeal Board (Delphi Co.)*, 522 Pa. 154, 159, 560 A.2d 755, 757 (1989):

> Where there has not already been a decision rendered by the Board, recognition of the power to remand in the interest of efficient and fair resolutions of claims is even more compelling than cases where a decision has previously been rendered. The Board should not be forced to review an imperfect decision of a referee that can, at that stage, very easily be rectified.

Accordingly, this Court concludes that the Board committed no error in remanding the case to the referee for further consideration.

■ Claimant next argues that Referee Wilson's final decision was not in conformity with the remand order. This argument is meritless. The clear language of the Board's order permits the referee to take additional testimony and make findings of fact and conclusions of law after considering the additional testimony. Contrary to Claimant's argument, the record demonstrates that Referee Wilson did in fact consider the additional testimony according to the remand order and thus did not exceed its scope. *A & P Tea Co. v. Workmen's Compensation Appeal Board (Giglio)*, 114 Pa.Commonwealth Ct. 507, 539 A.2d 51 (1988).

■ Lastly, Claimant argues that there was no substantial evidence to support Referee Wilson's finding that there

were many events in Claimant's life that could have caused his depression and that Claimant's depressive disorder was not related to his employment. After careful review of the record, there is no doubt that Claimant failed to pinpoint the occurrence and the cause of the injury. *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa.Commonwealth Ct. 449, 423 A.2d 784 (1980). Claimant's physician as well as Employer's physician stated that Claimant's working conditions were one of the factors which caused Claimant's depression. Family problems and extramarital problems were also contributing factors to Claimant's disability. As Claimant's working conditions were only one small link in the chain of events that occurred prior to his injury, it is insufficient proof of causation. *Miller v. Workmen's Compensation Appeal Board (Pocono Hospital),* 114 Pa.Commonwealth Ct. 405, 539 A.2d 18, *appeal denied,* 520 Pa. 580, 549 A.2d 139 (1988).

Accordingly, this Court affirms the decision of the Board.

## ORDER

AND NOW, this 21st day of December, 1989, the decision of the Workmen's Compensation Appeal Board is affirmed.