# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernice Bennett,                         :

               Petitioner       :

                         :

           v.               :   No. 1454 C.D. 2022

                         :   Submitted: September 11, 2023

Jeld Wen, Inc. (Workers'       :

Compensation Appeal Board),   :

               Respondent   :


**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                    **HONORABLE MICHAEL H. WOJCIK,** Judge
                    **HONORABLE MARY HANNAH LEAVITT,** Senior Judge


## OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED:  October 6, 2023**


Bernice Bennett (Claimant) petitions for review of the December 13, 2022 Order of the Workers' Compensation Appeal Board (Board) in which the Board vacated the decision of Workers' Compensation Judge (WCJ) Wayne Fegley (WCJ Fegley) granting Claimant's Penalty Petition and denied and dismissed the Penalty Petition. WCJ Fegley had assessed a 15% penalty against Jeld Wen, Inc. (Employer) based on its failure to pay Omni Pharmacy Services (Pharmacy) for a prescription compound cream, which Employer had been ordered to pay in unappealed determinations by the Fee Review Hearing Office (Hearing Office).  WCJ Fegley also ordered Employer to pay unreasonable contest attorneys' fees as litigation costs,

which the Board also vacated and then denied.[1] On appeal, Claimant argues the Board erred in vacating WCJ Fegley's assessment of penalties and unreasonable contest attorneys' fees and then denying the Penalty Petition based on its granting Employer a *de novo* hearing and allowing Employer to challenge, *nunc pro tunc*, the unappealed determinations of the Hearing Office. Because we discern no error or abuse of discretion in the Board granting a *de novo* hearing to address after-discovered evidence relevant to the penalty proceedings or in relying on that after-discovered evidence to deny the Penalty Petition and Claimant's request for unreasonable contest attorneys' fees, we affirm.

## I. BACKGROUND

While the facts in this matter are undisputed, the procedural background is unusual. Claimant sustained a work-related injury in 2010, for which she received ongoing wage loss and medical benefits. By a Compromise and Release Agreement (C&R Agreement) approved by WCJ Fegley on October 19, 2017, "the parties . . . resolved the wage loss and specific loss claims relative to Claimant's work injury." (WCJ Fegley July 8, 2020 Decision (July 2020 Decision), Finding of Fact (FOF) ¶ 1.) The C&R Agreement indicated that Employer and its insurance carrier/third-party administrator (Carrier) reserved the right to either continue administering Claimant's medical benefits in accordance with the Workers' Compensation Act[2] (Act) or to fund a Centers for Medicare & Medicaid Services (CMS)-approved

---

[1] WCJ Fegley also granted in part Employer's Petition to Review Utilization Review Determination (UR Petition), finding that the compound cream was not reasonable and necessary on and after November 18, 2018, but that the other treatment Claimant received from Robert J. Corba, D.O., was reasonable and necessary. The Board affirmed this determination, and Claimant did not appeal.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Medicare Set-Aside Arrangement (MSA). (*Id.*) There was no evidence that Employer funded a CMS-approved MSA for Claimant. (*Id.*)

Claimant obtained treatment for her work-related injuries from Robert J. Corba, D.O. (Dr. Corba), who prescribed, among other medicines, a compound cream. (*Id.* ¶¶ 7a, 12e.) Pharmacy distributed the compound cream to Claimant via mail and submitted bills to Carrier seeking payment for service dates beginning July 11, 2016, through January 3, 2018. (*Id.* ¶¶ 9-10.) When Carrier did not issue payment, Pharmacy filed Fee Review Applications with the Medical Fee Review Section of the Bureau of Workers' Compensation (Bureau). (*Id.*) Ultimately, 12 administrative determinations were issued, "dated from December 8, 2016[,] to October 30, 2017," ordering payment of the bills with interest, which Employer did not appeal. (*Id.* ¶¶ 9-10.) Employer made no payments to Pharmacy for those dates of service. On May 9, 2018, Claimant's counsel sent a letter to Employer's counsel, along with the 12 unappealed administrative decisions, requesting payment. (*Id.* ¶ 9.) Employer continued to deny payment. Pharmacy advised Claimant in early 2018 that it would no longer send her the compound cream because it had not been paid. (*Id.* ¶ 7b.) On September 20, 2018, Claimant filed the Penalty Petition, to which Employer filed an answer denying that it was liable for penalties.

*A. Proceedings Before WCJ Fegley*

WCJ Fegley held several hearings at which Claimant testified[3] and the parties introduced documentary evidence. At the first hearing, Employer argued it was not liable for penalties, or for the underlying bills, because it believed Dr. Corba had a financial interest in Pharmacy, making the bills the product of a prohibited self-

---

[3] Claimant's testimony, which described her work-related injuries and the relief she received from using the compound cream, is not relevant to the issues presently before this Court.

3

referral. (WCJ Fegley October 23, 2018 Hearing Transcript (October 2018 Hr'g Tr.) at 7, Certified Record (C.R.) Item 21.) Employer observed that, under the Act, it had the right to request additional information from providers when they submitted bills, it had repeatedly requested information regarding Dr. Corba's relationship with Pharmacy, as well as additional information, and Pharmacy never responded to those requests. (*Id.* at 8.) Employer submitted those letters in support of its defense at a later hearing. (Employer's Exhibit (Ex.) D-01, Reproduced Record (R.R.) at 68a-147a; July 2020 Decision FOF ¶ 11.) Claimant responded that if Employer thought there was a conflict, it should have indicated that in its denials and during the subsequent fee review process, which Employer did not do. (October 2018 Hr'g Tr. at 8.) Claimant thereafter introduced the 12 unappealed Hearing Office decisions directing Employer to pay Pharmacy and her letter to Employer requesting that the bills be paid. (Claimant's Exs. C-02–C-14, C.R. Items 31-43.)

Employer attempted to depose Dr. Corba and obtain information from Pharmacy and potentially related business entities and individuals about Dr. Corba's relationship with Pharmacy, and, ultimately, received a subpoena from WCJ Fegley for that purpose. (WCJ Fegley April 13, 2019 Hearing Transcript at 7-9, C.R. Item 22.) Although properly served, Employer received no response to the subpoenas. (*Id.* at 7-8.) At Employer's request, WCJ Fegley issued an interlocutory order on May 2, 2019, finding that Dr. Corba, Pharmacy, and the others had failed to respond to the duly served subpoenas and advising them that their continued failure to comply "risks penalties set forth in Section 436 of the Act[, 77 P.S. § 992,[4]] including contempt of court." (C.R. Item 5.) They still did not respond to the subpoenas.

---

[4] Section 436 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

4

Employer eventually filed a petition to enforce the subpoenas in the Court of Common Pleas of Montgomery County (common pleas or court). (WCJ Fegley June 25, 2019 Hearing Transcript at 7-9, C.R. Item 23.) Employer advised WCJ Fegley that it needed the responses to those subpoenas for its defense to the Penalty Petition but also indicated that there was a separate, ongoing fee review proceeding involving the same parties but different dates of services in which it might be able to receive the needed information through stipulation. (*Id.* at 8-10.) At a subsequent hearing, Employer informed WCJ Fegley that it had sought enforcement of the subpoenas in common pleas and was waiting for a decision and that the separate fee review proceeding had not yet been completed. (WCJ Fegley November 26, 2019 Hearing Transcript at 8-9, C.R. Item 25.) WCJ Fegley responded that Employer did not request the subpoenas until late into the litigation and its attempts to enforce those subpoenas had been delayed. (*Id.* at 9.) Thus, he advised Employer that the record would not be held open forever. (*Id.* at 9-10.)

Employer subsequently sought to introduce additional evidence related to a stipulation entered in the separate fee review hearing, and Claimant objected. (WCJ Fegley February 18, 2020 Hearing Transcript at 5-6, C.R. Item 26.) Employer indicated that common pleas denied its enforcement request and that it had received a stipulation by Pharmacy's counsel agreeing that, for the purpose of that fee review proceeding and those service dates at issue, Dr. Corba had an ownership interest in Pharmacy. (*Id.* at 6-8.) Employer stated that Hearing Officer David Torrey (Hearing Officer Torrey) had not issued a decision in that matter yet. (*Id.* at 8.) Employer maintained that, although the dates differed, the stipulation was relevant to and admissible for the Penalty Petition proceedings, particularly given "the evidentiary stonewalling from the prescribing physician Dr. Corba as well as [] Pharmacy." (*Id.*

5

at 8-9; Employer's Ex. D-07 at 2, C.R. Item 57.) Claimant objected to the stipulation's admission because it did not relate to the dates at issue in the Penalty Petition and, therefore, was irrelevant. (*Id.* at 9-11.) WCJ Fegley sustained the objection, and the stipulation was not admitted. (*Id*. at 11.) WCJ Fegley indicated the record would close on March 5, 2020. (*Id.* at 16.) Employer subsequently sought to reopen the record to introduce Hearing Officer Torrey's Fee Review Decision dated May 20, 2020. (WCJ Fegley Interlocutory Order, July 6, 2020, C.R. Item 9.) WCJ Fegley denied the request, noting the record closed on March 5, 2020, and the parties had already filed their briefs. (*Id.*)

Two days after denying Employer's request, WCJ Fegley issued the July 2020 Decision finding that Claimant had met her burden of proving that Employer violated the Act. Specifically, WCJ Fegley found:

19. Based on a review of all the evidence presented in this case, this Judge finds that [Employer] violated Sections 306[(f.1)] and 430 of the . . . Act[, 77 P.S. §§ 531 (requiring timely payment for reasonable and necessary medical treatment), 971 (providing that an employer that refuses to make payment ordered in a decision without seeking relief via petition or supersedeas is subject to penalties),] based on its failure to timely pay for Claimant's [] compound cream for dates of service from July 11, 2016, through January 3, 2018, which were the subject of the . . . administrative decisions submitted in this case. This Judge notes that . . . administrative decisions of record in this case approved these prescriptions for Claimant's [] compound cream and were not appealed for a hearing before a fee review hearing officer. [Employer] filed no Request for Utilization Review of these prescriptions until March 2019. This Judge finds that Claimant is entitled to an award of [p]enalties pursuant to Section 435 of the Act[, 77 P.S. § 991.[5]] This Judge further finds that an appropriate [p]enalty for the foregoing violation is a [15%] penalty, considering the severity of the violation and the length of time that it has failed to make payment on the foregoing prescriptions. The [15%] penalty shall be payable on the late paid or outstanding prescription bills for [] compound cream identified in the . . .

_____

[5] Section 435 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

6

administrative decisions for dates of service from July 11, 2016, through January 3, 2018, plus on the 10% statutory interest calculated on the same. . . .

. . . .

23. This Judge finds that [Employer] did not present a reasonable contest with respect to the Penalty Petition based upon the evidence of record. Claimant submitted a quantum meruit attorney fee bill exhibit into evidence, which established that Claimant's counsel performed [20] hours of work in this litigation and charged an hourly rate of $200.00 . . . for a total quantum meruit attorney fee bill of $4,000.00. This Judge has considered the complexity of the issues and the amount of work involved in this case, which involved filing a Petition and attending many hearings, presenting witness testimony, collecting and presenting exhibits, and preparing a brief and proposed findings of fact and conclusions of law. This Judge is also familiar with the skills and qualifications of Claimant's counsel, who has appeared before [me] in numerous cases. This Judge finds that the foregoing unreasonable contest fee is reasonable for the work performed.

(July 2020 Decision, FOF ¶¶ 19, 23.) In addition, WCJ Fegley ordered Employer to "pay for Claimant's [] compound cream prescriptions for dates of service from July 11, 2016, through January 3, 2018, [plus] 10% statutory interest. . . ." (July 2020 Decision, Order ¶ 1.)

*B. Appeal to the Board*

Employer appealed to the Board and filed a "Petition for Hearing *De Novo* Before the Board or a WCJ" (Petition for Hearing), "based on after-discovered evidence and alleged improper conduct by a party in interest," pursuant to Section 425 of the Act, 77 P.S. § 856. (Board's December 16, 2021 Opinion (Board 2021 Op.) at 1, 7-8.) The Board granted the Petition for Hearing, setting forth the background of the litigation up to that point and including additional facts submitted in support of Employer's request for a *de novo* hearing.

7

The Board concluded that a *de novo* hearing under Section 425 was warranted "to address the issue of a prohibited self-referral and to allow for submission of Hearing Officer Torrey's Fee Review Decision into evidence." (*Id.* at 7-8.) According to the Board, while employers are required to pay for all reasonable and necessary medical treatment for a work-related injury, pursuant to Section 306(f.1) of the Act, Section 306(f.1)(3)(iii) "prohibits referrals of workers' compensation claimants by health care providers for medical services . . . to entities in which the providers have a financial interest." (Board December 2021 Op. at 8 (quoting *Eighty-Four Mining Co. v. Three Rivers Rehab., Inc.*, 721 A.2d 1061, 1063 (Pa. 1998)).) Pursuant to that subsection, "[n]o claim for payment shall be presented by an entity to any individual, third-party payer or other entity for a service furnished pursuant to a referral prohibited under this section." 77 P.S. § 531(3)(iii). The Board concluded that while Claimant had established that there were unpaid bills, Employer consistently defended its actions, arguing that the bills were not payable because of the relationship between Dr. Corba and Pharmacy and asserting that its attempts to obtain the information of that relationship were consistently rebuffed.

The Board explained:

> The evidence that was submitted in this case supports [Employer's] assertions that [] Pharmacy has long failed or refused to respond to [Employer's] letters requesting information about Dr. Corba's possible financial interest in [] Pharmacy, and that both [] Pharmacy and Dr. Corba failed or refused to comply with the subpoenas . . . seeking the same information for the billing period in question . . . . In addition, [] Pharmacy represented to the . . . [c]ourt . . . presiding over [Employer's] subpoena enforcement action that [] Pharmacy had already complied with [] WCJ[ Fegley's] subpoena because the information it provided during the fee review litigation, including the stipulation of Dr. Corba's financial interest in [] Pharmacy "on the dates of service at issue" in the fee review, overlapped with the information sought through the . . . subpoena. However, as illustrated by the fact that Claimant objected to

8

the stipulation coming into evidence in this proceeding on the basis that it covered different dates of service than those at issue in the Penalty Petition, [] Pharmacy's representation to the [] court [] was incorrect. We do not know whether [] Pharmacy's act of supplying incorrect information to the . . . [c]ourt [] was the result of a mistake or something more "nefarious" as the term is used in the Act. Regardless, it is clear to th[e] Board that Dr. Corba and [] Pharmacy both have stymied [Employer's] efforts to gather information needed to arrive at the truth and potentially present its defense that the bills for the compound cream were not payable because they were the result of a prohibited self-referral. This occurred in more than one forum. In light of the contents of the stipulation by [] Pharmacy and the Fee Review Decision by Hearing Officer Torrey, we agree with [Employer's] characterization of this behavior as evidentiary stonewalling so as not to disclose to [Employer] or [] WCJ [Fegley] the documentation or information necessary to either dispel or confirm the existence of a prohibited self-referral, and we deem this conduct to be "improper conduct by any party in interest" as contemplated by Section 425 of the Act.

(Board Op. at 9-10.)

The Board noted that Claimant did not "seem to dispute the occurrence of evidentiary 'stonewalling' or delay and subsequent evidence of a prohibited self-referral" but argued that a *de novo* hearing should be denied because neither Dr. Corba nor Pharmacy was a party in interest and that Employer could have raised these issues through the fee review process. (*Id.* at 11-12.) The Board rejected both positions.

As to the first argument, the Board held that while any penalty would be paid to Claimant, WCJ Fegley directed Employer to pay Pharmacy tens of thousands of dollars, allowing for the potential that Dr. Corba and Pharmacy would "reap a financial benefit from Claimant's Penalty Petition." (*Id.*) The Board further explained that the treatment provided and remedies prescribed arose under the Act, which the Board is required "to maintain the integrity of its administration," and that any penalty award to Claimant is tied to the potential improper conduct of her

physician and pharmacy. (*Id.*) The Board concluded that, if the improper conduct was confirmed, it would decline "to allow financial benefit from it." (*Id.*)

As to the second argument, the Board held

> that despite the forum and any possible deficiencies in [Employer's] procedural steps, the conduct of Dr. Corba and [] Pharmacy surrounding [Employer's] efforts to gather information about a possible prohibited self-referral as well as their stipulated act of actually engaging in a prohibited self-referral arrangement is relevant because again, they potentially stood to profit financially from the Penalty Petition. In short, [the Board] decline[d] to penalize [Employer] for possible procedural mistakes and at the same time reward Dr. Corba and [] Pharmacy for their own improper conduct. Dr. Corba and [] Pharmacy stipulated, and Hearing Officer Torrey so ruled, that [they] violated the Act by submitting bills to [Employer] for the period of September [2018] to November 2018 and forward that were the product of a prohibited self-referral, and [Employer's] attempts to confirm that the same illegal relationship existed for July 2016 to January 2018 were stymied.

(*Id.* at 12.)

The Board observed that the matter before it was "undoubtedly an unusual one." (*Id.*) But, "[b]ased on the improper conduct of Dr. Corba and [] Pharmacy[,] including evidentiary stonewalling and the existence of a prohibited self-referral in this and the related Fee Review case, [the Board] conclude[d] this is 'the rare case that meets [the] criteria'" set forth in Section 425. (*Id.* (quoting *Giant Eagle, Inc. v. Workmen's Comp. Appeal Bd. (Bensy)*, 651 A.2d 212, 218 (Pa. Cmwlth. 1994)).) Thus, "in the interest of justice," the Board vacated WCJ Fegley's grant of the Penalty Petition and award of unreasonable contest fees and ordered a *de novo* hearing before the Board, after which the Board would decide the issue of the Penalty Petition. (*Id.* at 12-13.)

10

*C. Remand Proceedings and Board Remand Opinion*

The Board assigned WCJ Patrick Sheldon (WCJ Sheldon) to hold the *de novo* hearings on the Board's behalf. At those hearings, Employer introduced a June 13, 2022 Statement of Financial Interest (SOFI), signed by Pharmacy's legal counsel, that was captioned as being related to this specific matter. The SOFI stated, in pertinent part, that "Dr. Corba had a financial interest in [] Pharmacy on the dates of service at issue in this dispute."[6] (Employer's Ex. D-10, R.R. at 183a.) Claimant did not submit evidence at the *de novo* hearing. WCJ Sheldon rendered findings of fact summarizing the procedural history and the evidence offered on remand, including:

> 10. The June 13, 2022 [SOFI] was uncontested and was admitted without objection. As a statement relative to financial interest in [] Pharmacy prepared by its attorney, it is credible. Based upon the credible [SOFI] submitted during the *de novo* hearing, I find as fact that Dr. [] Corba had a financial interest in [] Pharmacy during the time period covered by Claimant's Penalty Petition, specifically July 2016 to January 2018.

(WCJ Sheldon's *De Novo* Hearing FOF ¶ 10.) WCJ Sheldon's findings were submitted to the Board for its consideration.

---

[6] The SOFI also stated:

For the purposes of this dispute only, [] Pharmacy stipulates that it is not protected by the Stark Act[, 42 U.S.C. § 1395nn,] and/or the Safe Harbor regulations promulgated under the Medicare and Medicaid Patient and Program Protection Act at 42 U.S.C.[] § 1320a-7b(1) and (2), published at 42 C[.]F[.]R[.] [§] 1001.952 (relating to exceptions), and all exceptions to the Stark [A]mendments to the Medicare Act at 42 U.S.C.[] § 1395nn, and all regulations promulgated there.

(Employer's Ex. D-10 ¶ 1, R.R. at 183a.) The import of this stipulation is that it removes the self-referral from the exceptions to the Act's prohibition against self-referrals for those that fall within the federal Safe Harbor regulations and the Stark Amendments. *See Eighty-Four Mining Co.*, 721 A.2d at 1064.

Adopting WCJ Sheldon's findings as its own and incorporating its 2021 Opinion and Field Office Order into its final opinion, the Board issued its final opinion on the Penalty Petition. As it did in its initial determination, the Board concluded that Claimant established that there were unpaid medical bills related to Dr. Corba's treatment and Pharmacy's disbursement of the compound cream. (Board's December 13, 2022 Opinion (Board's 2022 Op.) at 7.) Thus, the burden shifted to Employer to show no violation of the Act occurred. Based on the evidence presented at the hearing *de novo*, the Board found that Dr. Corba had a financial interest in Pharmacy during the relevant time period and, "[a]s a result, the bills in question . . . were not payable because the arrangement between Dr. Corba and [] Pharmacy was a prohibited self-referral under the Act." (*Id.* at 7.) Accordingly, the Board held, Employer established that it had not violated the Act, and the Board denied and dismissed the Penalty Petition. (*Id.* at 7, Order.) Having denied the Penalty Petition, the Board explained Employer was not required to pay Pharmacy's bills or the penalty, and its contest of the Penalty Petition was necessarily reasonable precluding attorneys' fees under Section 440 of the Act, 77 P.S. § 996.[7] Claimant now petitions this Court for review.[8]

## II. ISSUES ON APPEAL

Claimant presents the following issues for this Court's review:

---

[7] Section 440 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

[8] This Court's scope of review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

I.      Whether the . . . Board usurped the jurisdiction of the [] Hearing Office by granting a *de novo* hearing and allowing appeals nunc pro tunc of unappealed decisions of the Bureau[.]

II.     Whether the . . . Board erred in reversing [WCJ Fegley's] assessment of penalties and counsel fees as a cost[.]

(Claimant's Brief (Br.) at 4 (emphasis added).)

As to the first issue, Claimant argues that the Board erred and exceeded its jurisdiction by allowing what were, effectively, untimely appeals of the 12 administrative decisions directing Employer to pay Pharmacy's bills between July 2016 and January 2018, when it approved the Section 425 *de novo* hearing. Those unappealed administrative decisions, Claimant maintains, became final and binding and required Employer to pay those bills. According to Claimant, Employer should have raised the issue of whether the bills were the result of a prohibited self-referral in either appeals of those decisions or via the process set forth in Section 127.302 of the Bureau's regulations, 34 Pa. Code § 127.302, not in penalty petition proceedings. Claimant further asserts Employer fully litigated the Penalty Petition before WCJ Fegley and "was not stymied from getting any evidence at all," and its failure to obtain information from Dr. Corba and Pharmacy was the result of its own inaction. (Claimant's Br. at 9-10.) Therefore, Claimant argues, there was no basis for the Board to order a *de novo* hearing.

As to the second issue, Claimant argues that because the Board erred in ordering the *de novo* hearing and considering the additional evidence presented, it was error for the Board to effectively reverse WCJ Fegley's decision granting the Penalty Petition and assessing unreasonable contest fees. According to Claimant, WCJ Fegley did not err or abuse his discretion in finding that Employer violated the Act by not complying with the unappealed administrative determinations directing

13

it to pay Pharmacy without legal or factual justification or in finding that Employer's contest of the Penalty Petition was unreasonable.

Employer responds that, at the heart of this matter, is the undisputed fact that the bills at issue were the result of a prohibited self-referral, making those bills if not null and void, then at least not payable under Section 306(f.1)(3)(iii) of the Act and Section 127.301(a), (b) of the Bureau's regulations, 34 Pa. Code § 127.301(a), (b). According to Employer, the Board properly vacated WCJ Fegley's decision and granted a Section 425 *de novo* hearing because Employer's repeated attempts, in multiple forums, to obtain the information necessary to determine whether there was the prohibited self-referral were ignored and/or actively stymied by Pharmacy and Dr. Corba for years. As to the 12 administrative decisions, Employer points out that Pharmacy did not disclose Dr. Corba's financial interest to the Bureau when it filed its fee review applications and, because Pharmacy ignored Employer's attempts at obtaining information about that relationship, it is unclear how Employer could properly defend itself in those abbreviated proceedings. Employer maintains that, even when Pharmacy and Dr. Corba finally admitted that there was a financial relationship in the separate fee review proceedings, they did so in a manner that precluded its use in the present litigation. Under these circumstances, Employer argues, the Board's ordering a Section 425 *de novo* hearing and denying the Penalty Petition based on the evidence presented therein was not erroneous but "just and proper." (Employer's Br. at 13-15.) Finally, Employer contends Claimant is not entitled to relief because she comes to court with "unclean hands" based on the actions of Pharmacy and Dr. Corba. (*Id.* at 20-22.)

14

## III. DISCUSSION

The present matter presents a unique factual scenario that represents the convergence of multiple provisions of the Act, including the invocation of the rarely used Section 425, which authorizes the Board to take the extraordinary step of holding a *de novo* hearing and rendering a decision on a petition as fact finder.

Section 435(d) of the Act authorizes the assessment of penalties against an employer who violates the Act or the Bureau's regulations. 77 P.S. § 991(d).[9] Claimants seeking the imposition of a penalty bear the initial burden of proving that a violation of the Act or the regulations has occurred. *Shuster v. Workers' Comp. Appeal Bd. (Pa. Hum. Rels. Comm'n)*, 745 A.2d 1282, 1288 (Pa. Cmwlth. 2000). If the claimant meets this initial burden, "the burden then shifts to the employer to prove it ha[s] not" violated the Act. *Id.* Even if a violation of the Act or the regulations is established, the imposition of a penalty is not mandatory but falls within the discretion of the fact finder. *Candito v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 785 A.2d 1106, 1108 (Pa. Cmwlth. 2001). Accordingly, this Court "will not overturn a penalty [decision] on appeal absent an abuse of discretion," which "is not merely an error of judgment, but among other reasons, occurs where the law is misapplied in reaching a conclusion." *Id.*

The violation here is premised on Employer's failure to pay Pharmacy pursuant to Section 306(f.1)(1)(i), which relevantly states that employers are to "provide payment for reasonable surgical and medical services [and] services rendered by . . . other health care providers . . . as and when needed." 77 P.S.

---

[9] Section 435(d) relevantly states, "[t]he [D]epartment [of Labor and Industry], the [B]oard, or any court which may hear any proceedings brought under this [A]ct shall have the power to impose penalties as provided herein for violations of the provisions of this [A]ct or such rules and regulations or rules of procedure[.]" 77 P.S. § 991(d).

15

§ 531(1)(i). The failure to pay medical bills is a violation of the Act that can warrant the assessment of penalties. *Loose v. Workmen's Comp. Appeal Bd. (John H. Smith Arco Station)*, 601 A.2d 491, 493-94 (Pa. Cmwlth. 1991).

It is undisputed that Claimant established that Employer, through Carrier, did not provide payment for the services provided by Pharmacy, the compound cream, for the period between July 2016 and January 2018, notwithstanding that it was presented with the bills and administrative determinations directing the payment of those bills. Such non-payment would be a violation of the Act. *Id.* Thus, the burden shifted to Employer to demonstrate that it did not violate the Act. *Shuster*, 745 A.2d at 1288.

Throughout these penalty proceedings, Employer consistently argued that it had no liability for the unpaid bills, notwithstanding the administrative determinations, because the bills were never payable as they were the result of a self-referral prohibited by Section 306(f.1)(3)(iii). That provision states:

> (iii) Notwithstanding any other provision of law, **it is unlawful for a provider to refer a person for** laboratory, physical therapy, rehabilitation, chiropractic, radiation oncology, psychometric, home infusion therapy or diagnostic imaging, **goods or services pursuant to this section if the provider has a financial interest with the person or in the entity that receives the referral**. . . . . **No claim for payment shall be presented by an entity to any individual, third-party payer or other entity for a service furnished pursuant to a referral prohibited under this section**.

77 P.S. § 531(3)(iii) (emphasis added). The Bureau's regulations reiterate this prohibition against self-referrals and against submitting claims for payment that were the result of a self-referral. 34 Pa. Code § 127.301. "The intent of Section 306(f.1)(3)(iii) . . . was to contain costs by preventing physicians from acting in their own self-interest." *Eighty-Four Mining*, 721 A.2d at 1067.

16

Employer attempted to obtain the evidence to establish this prohibited self-referral for years. When Pharmacy submitted its bills for payment, Employer repeatedly attempted to obtain information from Pharmacy about whether Dr. Corba had a financial interest in Pharmacy, as permitted by Section 127.206 of the Bureau's regulations, 34 Pa. Code § 127.206.[10]  (Employer's Ex. D-01, R.R. at 68a-146a.) Each time Pharmacy did not respond. This is not disputed. Employer similarly sought evidence from, among others, Dr. Corba and Pharmacy to aid its defense of the Penalty Petition via subpoenas, but they similarly did not respond to the subpoenas. This is not disputed. When Employer obtained an interlocutory order from WCJ Fegley warning Dr. Corba and Pharmacy that failure to respond to the subpoenas could lead to contempt of court, they did not respond. This is not disputed. When Employer sought enforcement of the subpoenas before common pleas, Pharmacy indicated that the stipulation from the separate fee review proceedings overlapped with what was sought in the subpoenas, which it did not. This is not disputed. Finally, when Employer requested that WCJ Fegley reopen the record to present additional evidence that confirmed the relationship between Dr. Corba and Pharmacy, which had been unavailable previously, WCJ Fegley would not do so.

In an effort to meet its burden of proving its defense to the Penalty Petition and show that WCJ Fegley's decision granting the Penalty Petition was the result of improper conduct of interested parties, specifically, Dr. Corba and Pharmacy, Employer invoked, and the Board granted, a *de novo* hearing under Section 425. That section states:

---

[10] This regulation states: "Insurers may request additional documentation to support medical bills submitted for payment by providers, as long as the additional documentation is relevant to the treatment for which payment is sought." 34 Pa. Code § 127.206.

17

> **If on appeal** it **appears** that **the [WCJ's] award** or disallowance of compensation **was** capricious or **caused by** fraud, coercion, or **other improper conduct by any party in interest**, the [B]oard may, grant a hearing *de novo* before the [B]oard, or one or more of its members or remand the case for rehearing to any [WCJ]. If the [B]oard shall grant a hearing *de novo*, it shall fix a time and place for same, and shall notify all parties in interest.
>
> As soon as may be after any hearing by the [B]oard, it shall in writing state the findings of fact, whether those of the [WCJ] or its own, which are basic to its decision and award or disallow compensation in accordance with the provisions of this [A]ct.

77 P.S. § 856 (emphasis added). "Whether to grant or deny a rehearing is within the discretion of the Board, and our scope of review is limited to determining whether the Board abused that discretion." *Giant Eagle, Inc.*, 651 A.2d at 217. "[A] proper ground for rehearing" under this provision "is to afford the applicant an opportunity to adduce [evidence] not offered at the original hearing because it was not then available." *Douglas v. Workmen's Comp. Appeal Bd. (Bethlehem Mining Co.)*, 377 A.2d 1300, 1302 (Pa. Cmwlth. 1977). The Board has "broad power to grant rehearing when justice so requires." *Abington Mem'l Hosp. v. Workmen's Comp. Appeal Bd. (Wyche)*, 616 A.2d 767, 771 (Pa. Cmwlth. 1992).

Under these facts, we cannot say that the Board abused its discretion in granting, "in the interest of justice," a *de novo* hearing under the authority of Section 425 or in concluding that this was a "'rare case that meets [the] criteria'" of that provision. (Board 2021 Op. at 12 (quoting *Giant Eagle, Inc.*, 651 A.2d at 218) (alteration in original).) Rather, we agree with the Board that the record in this matter demonstrates "improper conduct by any party in interest," which encompasses Dr. Corba and Pharmacy, based on the "evidentiary stonewalling" that occurred in multiple forums "that stymied [Employer's] efforts to gather information

needed to arrive at the truth" and potentially present a meritorious defense to the Penalty Petition. (*Id.* at 10.) Further, in *Pasquarelli v. Workmen's Compensation Appeal Board (Western Electric)*, 567 A.2d 792, 794-95 (Pa. Cmwlth. 1989), we upheld the holding of a *de novo* hearing under Section 425 to allow an employer to offer newly discovered evidence that the claimant fraudulently withheld or misrepresented relevant information as to the cause of his disability and potential additional earnings because "the [WCJ] . . . [was] provided with incomplete information . . . and thus was deprived of an opportunity to render judgment with full knowledge of" the relevant facts. Here, WCJ Fegley was not provided with complete information as to the relationship between Dr. Corba and Pharmacy, closed the record before that information could be obtained, and, therefore, "was deprived of an opportunity to render judgment with full knowledge of" the relevant facts. *Id.* The Board, in denying the Penalty Petition did so with "full knowledge of" the relevant facts, *id.*, which was that the bills presented to Employer by Pharmacy were the result of a prohibited self-referral and, therefore, not payable. Accordingly, the Board did not exceed its authority or abuse its discretion in granting the Section 425 *de novo* hearing or by rendering a decision based on the evidence presented therein.

To the extent Claimant's arguments could be viewed as challenging the evidence presented as being extraneous to the Penalty Petition and, therefore, improperly considered, we disagree. In determining whether to impose a penalty, the fact finder may not rely on factors that are extraneous to a violation, such as the underlying award of benefits being a "close call." *Thomas v. Workers' Comp. Appeal Bd. (Delaware Cnty.)*, 746 A.2d 1202, 1206 (Pa. Cmwlth. 2000). However, if an employer violates the Act by, for example, not making payments based on a belief that payments were not required, and, subsequently presents evidence "of

19

extenuating circumstances pertinent to the violation," consideration of that evidence is not an abuse of discretion. *Lakomy v. Workers' Comp. Appeal Bd. (Dep't of Env't Res. & Pimco)*, 720 A.2d 492, 496 (Pa. Cmwlth. 1998). For instance, evidence presented by an employer that a claimant had returned to work without a loss of earnings as a defense to its cessation of paying wage loss benefits was admissible, as it would be relevant to an alleged violation. *Arnott v. Workmen's Comp. Appeal Bd. (Sheehy Ford Sales, Inc.)*, 627 A.2d 808, 811 (Pa. Cmwlth. 1993).

Here, the Penalty Petition was based on Employer's denial of payment, which was, in turn, predicated on its belief that the bills were the result of a prohibited self-referral, a belief Employer attempted to confirm with each bill but was prevented from doing so by Pharmacy's silence. Thus, evidence that would establish or confirm Employer's belief that this was a prohibited self-referral would not be extraneous to the alleged violation. The credited evidence, as finally provided to Employer in the SOFI and submitted during the *de novo* hearings, confirmed the financial relationship between Dr. Corba and Pharmacy. Pursuant to Section 306(f.1)(3)(iii) and the Bureau's regulations, this relationship rendered Dr. Corba's referral of Claimant to Pharmacy to fill the compound cream prescription a prohibited self-referral for which "[**n]o claim for payment** shall be" made, and Employer bore no liability for those bills. 77 P.S. § 531(3)(iii); 34 Pa. Code §§ 127.301(b), 127.302(a); *Eighty-Four Mining, Co.*, 721 A.2d at 1063.

As for Claimant's arguments that Employer raised this issue in the wrong forum or too late as the administrative determinations had become final, we, like the Board, are not persuaded that Employer's failure to resolve the self-referral issue within the fee review process is fatal under these circumstances. Although "an insurer [that] determines that a bill has been submitted for treatment rendered in

violation of the referral standards" is not liable to pay the bills, a provider can challenge that denial and it is the **insurer** that has the burden of proving "that a violation of the self-referral provisions has occurred." 34 Pa. Code § 172.302. While Employer believed there was a prohibited self-referral occurring, Pharmacy thwarted Employer's efforts to obtain the evidence needed for it to meet its burden of proof by not responding to Employer's repeated requests for information. Further, the actions of Dr. Corba and Pharmacy in the present litigation, which ranged from ignoring subpoenas to representing to common pleas that the stipulation presented in the separate fee review application "overlapped" with this matter when it did not, suggest that they would have been similarly less than forthcoming in the fee review process. Because it took Employer **years** to obtain confirmation of the relationship between Dr. Corba and Pharmacy, i.e., between its initial request for information in response to the bills beginning in 2016 and the *de novo* hearings held in 2022, when Pharmacy **finally** confirmed Dr. Corba's financial interest, "we decline to penalize [Employer] for possible procedural mistakes and . . . reward Dr. Corba and [] Pharmacy for their own improper conduct." (Board 2021 Op. at 12.)

Having concluded that the Board did not abuse its discretion in granting the Section 425 *de novo* hearing or in denying the Penalty Petition on the basis that the unpaid bills were the result of a prohibited self-referral and, therefore, not payable under Section 306(f.1)(3)(iii), we find Claimant's argument that the Board erred in reversing the award of unreasonable contest attorneys' fees necessarily fails. To be eligible for unreasonable contest attorneys' fees under Section 440(a) of the Act, the claimant seeking the fees must prevail "in whole or in part." [11] 77 P.S. § 996(a).

---

[11] Section 440(a) provides, in its entirety:

**(Footnote continued on next page…)**

21

WCJ Fegley awarded those fees based on his conclusion that Employer's contest of the Penalty Petition was unreasonable. However, Claimant did not ultimately prevail "in whole or in part" on the Penalty Petition; Employer did, and, therefore, the Board did not err in not awarding Claimant unreasonable contest fees under Section 440(a).

## IV. CONCLUSION

Because we conclude the Board did not abuse its discretion or err in granting the Section 425 *de novo* hearing under these highly unusual circumstances, or in relying on the evidence presented therein that confirmed the unpaid bills were the result of a prohibited self-referral for which no claim for payment could be made under Section 306(f.1)(3)(iii), we affirm the Board's denial of the Penalty Petition and Claimant's request for unreasonable contest attorneys' fees.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, **the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded**, in addition to the award for compensation, **a reasonable sum for costs incurred for attorney's fee**, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernice Bennett,                          :
                    Petitioner            :
                                          :
              v.                          :   No. 1454 C.D. 2022
                                          :
Jeld Wen, Inc. (Workers'                  :
Compensation Appeal Board),               :
                    Respondent            :

# **O R D E R**

    **NOW**, October 6, 2023, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** President Judge